FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN K MILLER,                    )
                                   )
    Plaintiff,                     )
                                   )
  -vs-                             )    Civil Action No. 14-1283
                                   )
CAROLYN W. COLVIN,                 )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
    Defendant.                     )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Brian K. Miller ("Miller") filed an application for Supplemental Security Income ("SSI") on July 29, 2011, alleging a disability beginning on May 21, 2011. (R. 16) The claims were denied initially on January 13, 2012. (R. 92) Pursuant to his request, a hearing was held on February 28, 2013. (R. 33-67) A vocational expert appeared and testified. (R. 33) The ALJ denied the claim by written decision dated March 20, 2013. (R. 13-28) Miller requested review by the Appeals Council, which was denied. He then brought this action seeking judicial review pursuant 42 U.S.C. § 405(g).

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [7] and [9]). Both parties have filed Briefs in Support of their Motions. (Docket Nos. [8] and [10]). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is vacated and the case is remanded for further consideration.

### I. BACKGROUND

Miller was born on July 27, 1973 and was 37 years old at the time he filed the application. (R. 27) He lives with his fiancé and his three children, one of whom is a step-

1

daughter. (R. 38) Miller attended school through the seventh grade and never received any vocational training. (R. 40) He reports that he does not drive due to the loss of a driver's license when he was sixteen years old, although the fractures he sustained prior to filing this application occurred when he was driving his motorcycle. (R. 40, 208-216) Prior to his injuries he worked as a house painter; he repossessed houses for banks and mortgage companies; and he worked in the construction field. (R. 41-43) Despite his impairments and pain, Miller is able to attend his son's wrestling matches and takes his kids to the park. He also provides a little help with cooking and cleaning. (R. 52-3) Miller is also able to help with the laundry. (R. 54)

As stated above, the ALJ concluded that Miller has not been under a disability within the meaning of the Social Security Act since July 18, 2011. (R. 28) Specifically, the ALJ determined that Miller's history of fractures, depression, bipolar disorder and generalized anxiety disorder constituted severe impairments, but that those impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-19) The ALJ further concluded that Miller was capable of performing sedentary work with certain limitations. (R. 21) At the fourth step of the analysis, the ALJ found that Miller could not perform his past relevant work. (R. 26) However, at the fifth step, the ALJ concluded that Miller retained the residual functional capacity to perform the jobs of: the waxer of glass products; a document preparer; a sorter; and an inspector / checker. (R. 27) Consequently, the ALJ denied his claim.

Miller takes issue with the ALJ's conclusion that his concussion, fatigue, back pain, and headaches did not qualify as "severe impairments" at the second step of the analysis. Miller also urges that the ALJ provided inadequate explanations for certain of her findings and that she erred in her weighing of medical evidence. For the reasons set forth below, I find that remand is appropriate.

## II. LEGAL ANALYSIS

    A) **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of

performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B)  Discussion**

  1.  Step Two – Severe Impairments

As stated above, Miller takes issue with the ALJ's conclusion that his concussion, memory problems and headaches fail to meet the *de minimis* requirements associated with establishing "severe impairment" at the second step of the analysis. *See Newell v. Commissioner of Social Security,* 347 F.3d 541-546-47 (3d Cir. 2003). It may be that the ALJ's decision at step two was erroneous; yet even accepting this position for purposes of argument, such error was harmless because the ALJ found that Miller suffered from several other impairments which did qualify as "severe." In other words, the ALJ did not end her analysis at the second step. *See Salles v. Commissioner of Social Security*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civil No. 8-625, 2009 U.S. Dist. LEXIS 91559 at * 15 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ failed to include all of Plaintiff's severe impairments

4

at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."); *Bliss v. Astrue*, Civil No. 8-980, 2009 U.S. Dist. LEXIS 12172, 2009 WL 413757 (W.D. Pa. February 18, 2009) (stating that, "as long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe.... Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe."). Because the ALJ found in Miller's favor at step two, any alleged error was harmless and does not require reversal or remand.

### 2. Medical Evidence

Miller challenges the adequacy and sufficiency of the ALJ's findings of fact as they relate to her treatment of Dr. Dicola's and Dr. Seilhamer's findings. More particularly, Miller objects to the ALJ's comments in two particular instances that Dr. Dicola's and Dr. Seilhamer's conclusions are "inconsistent with the record as a whole." *See ECF Docket No.* [8], p. 12-13. According to Miller, these references are conclusory in nature and lack the specificity required by a thorough review. *See Carter v. Apfel*, 220 F. Supp.2d 393, 396 (M.D. Pa. 2000) (stating that, "the Court is not convinced that such a boilerplate statement (that the ALJ considered "the entire record") is sufficient to demonstrate that all significant evidence was considered by the ALJ"). The Third Circuit Court requires an ALJ to "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Carter*, 220 F. Supp.2d at 396-7, *citing*, *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999). An ALJ must provide "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Carter*, 220 F. Supp.2d at 396, *citing*, *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

5

1981), *rehearing denied*, 650 F.2d 481 (3d Cir. 1981).

After careful review of the record, I am inclined to agree with Miller that the ALJ's opinion lacks the requisite specificity in some instances. With respect to her treatment of Dr. Dicola's Mental Residual Functional Capacity Form (R. 25), the ALJ does detail the physician's findings. For instance, she notes that Dr. Dicola opined that Miller displayed memory problems; mood swings; depression; anxiety; concentration problems; paranoid thinking; decreased energy; obsessions and compulsions; irritability; social withdrawal; and sleep disturbance. (R. 25) The ALJ also detailed Dr. Dicola's observations that moderate loss in several respects and marked or extreme loss in several other respects. (R. 25) Yet the ALJ's recitation of these findings is devoid of any insights or opinions as to what she found persuasive or lacking. She gives the opinion "little weight", noting only that Dicola is not a mental health professional and that the opinion is "not consistent with the record as a whole or with the claimant's treatment history as concerns his mental impairments." (R. 25) The ALJ did not specify these inconsistencies. I cannot speculate as to what those inconsistencies might be and therefore I cannot be certain that the ALJ's conclusions in this regard are supported by substantial evidence of record. Consequently, a remand is required. The ALJ must provide a further explanation as to precisely why Dr. Dicola's findings are inconsistent with the "record as a whole" and with Miller's treatment record.

The ALJ approaches Dr. Seilhamer's report in a similar manner. She sets forth Dr. Seilhamer's findings: the diagnoses of depression, anxiety, cognitive impairment, panic attacks, mood swings, memory and concentration problems, anger and impulse control problems, social withdrawal and sleep disturbance. She also documents Dr. Seilhamer's report of Miller's GAF of 45 and observes that such a score is "indicative of serious symptoms or serious impairment on social, occupational, or school functioning." (R. 26) She observes that Dr. Seilhamer found Miller to suffer from both moderate and extreme restrictions. (R. 26) Yet she then gives Dr.

6

Seilhamer's findings "little weight" because they are internally inconsistent, inconsistent with the record as a whole, and inconsistent with Miller's treatment. The ALJ did explain the internal inconsistencies ("Dr. Seilhamer reported that the claimant displayed appropriate appearance; good eye contact; normal speech; no evidence of suicidal or homicidal ideations; no evidence of hallucinations or delusions; was alert and oriented; and was amicable; polite; pleasant, and cooperative"). (R. 26) Yet, as above, the ALJ failed to explain the "inconsistencies" with the record as a whole and the inconsistencies with Miller's treatment. For the same reasons, then, a remand is required and the ALJ is instructed to give further explanation in support of her conclusions that "inconsistencies" exist.

### 3. Treating Physician Testimony

Finally, Miller objects to the weight the ALJ accorded various medical sources. The longstanding case law within this Circuit is that the report of a treating physician should be accorded greater weight than that of a non-examining consultant. *Brownawell v. Comm'r. of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting*, *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). If a "treating source's opinion as to the nature and severity of a claimant's impairments is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record,' it will be given 'controlling weight.'" *Wiberg v. Colvin*, Civ. No. 11-494, 2014 WL 4180726 at * 21 (D. Del. Aug. 22, 2014), *quoting*, 20 C.F.R. § 404.1527(c). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. §

416.927(c)(4). That is, unless there is contradictory evidence, an ALJ may not reject a treating physician's opinion. An ALJ's own credibility judgments, speculation or lay opinion is not sufficient. *Wiberg*, 2014 WL 4180726 *citing, Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). The Court of Appeals for the Third Circuit explains:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec. Admin.,* Civ. No. 10-2517, 2010 WL 5078238 at * 5 (3d Cir. Dec. 14, 2010).

Miller reasons that the ALJ erred by not according controlling weight to the opinions of his treating physicians Dr. Dicola and Dr. Prasad and / or to the opinion of the state agency psychologist Dr. Seilhamer, rather than to those of the non-examining state agency psychologist, Dr. Schiller. As set forth above, ordinarily the opinions of treating physicians should be given great weight. Yet, as the Third Circuit Court recognized in *Becker*, such opinions are not always controlling. Where those opinions differ from that of a non-treating, non-examining physician, an ALJ is free to choose whom to credit provided that the rejection is based upon contradictory medical evidence.

The ALJ's failure to provide a thorough and detailed explanation for her rejection of Dr. Dicola's, Dr. Prasad's and Dr. Seilhamer's opinions requires a remand on this issue. As set forth above, the ALJ found Dr. Dicola's conclusions to be "inconsistent with the record as a whole." The ALJ made similar vague and wanting conclusions as to Dr. Prasad's opinions. (R. 25) Her failure to specify in a meaningful way where Dr. Dicola's, Dr. Prasad's and Dr.

Seilhamer's findings were inconsistent with other parts of the record, were internally inconsistent and were inconsistent with Miller's treatment, precludes me from determining whether the ALJ's conclusion to give such treating physician's findings "little weight" was erroneous. Consequently, on remand, the ALJ shall reconsider the weight to accord the opinions of treating physicians after she details the lack of specificity discussed above.

III. **CONCLUSION**

After a thorough review of the record and careful consideration of Miller's arguments, I find that a remand is required.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN K. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-1283 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 21st day of April, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and this case is remanded for further consideration.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge